IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BILLY LIGGONS,                             ) | |
|                                               ) | |
|     Movant, ) | |
| ) | Cv. No. 2:20-cv-2592-SHM-tmp |
| v.                                                  ) | Cr. No. 2:06-cr-20146-SHM-1 |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
|     Respondent. ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING PENDING MOTIONS**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On August 10, 2020, Movant Billy Liggons filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion," ECF No. 1) addressing the resentencing on his supervised release violation in Cr. No. 2:06-20146-SHM-1[1] and a Motion for Evidentiary Hearing (ECF No. 2). Movant asked for a reduction in sentence to correct sentencing guidelines errors, apply reduction of points for self-surrender, and apply time-served credit. (ECF No. 1 at PageID 13.)

On September 10, 2020, the Government filed the Response of the United States in Opposition to Defendant's Motion Under 28 U.S.C. § 2255. (ECF No. 6.) On October 13, 2020,

---

[1] *See* Resentencing Hearing and Amended Judgment and Commitment Order on Revocation of Supervised Release After Re-Sentencing Pursuant to the First Step Act, *United States v. Liggons*, Cr. No. 2:06-20146 (W.D. Tenn. Aug. 20 & 22, 2019) (ECF Nos. 228 & 229).

Movant filed a Second Motion to Supplement/Amend 28 U.S.C. § 2255 Motion. (ECF No. 8.) The same day, Movant filed a reply to the Government's response. (ECF No. 9.)

Movant provided a change of address on November 8, 2021. (ECF No. 13.) Movant was released from federal custody on August 17, 2022.[2] He has not provided the Court with a change of address or otherwise communicated with the Court since his release from prison.

On April 28, 2023, the Court entered two orders: 1) directing the United States to file a response addressing whether the issues raised in the § 2255 motion and Movant's motion to supplement or amend are moot given Movant's release from prison (ECF No. 14); and 2) directing Movant to file a change of address and stating that failure to do so would demonstrate that Movant had abandoned the action and could result in dismissal. (ECF No. 15 at PageID 182-83).

On May 16, 2023, the Government filed a response. (ECF No. 16.) The Government outlined Movant's three federal criminal convictions (Cr. Nos. 06-20146, 07-20058, and 17-10004-13) and supervised release violations (*see* Cr. No. 06-20146, ECF No. 195; *see also* Cr. No. 07-20058, ECF No. 37). (Civ. No. 20-2592, ECF No. 16 at PageID 185-87.) The Government represented that Movant had completed the terms of imprisonment in all three cases and was now serving a three-year term of supervised release in his 2017 case. (*Id.* at PageID 187.) The Government asserted that the claims presented in the § 2255 motion were now moot although Movant remained "in custody" because he was serving a term of supervised release in another case. (*Id.* at PageID 187-88.) The Government noted that Movant's current term of supervised release in his 2017 conviction is not related to the earlier cases. (*Id.* at PageID 188.)

---

[2] *See* Federal Bureau of Prisons, Find an inmate, Inmate Locator (bop.gov) (last accessed Aug. 10, 2023.)

The Government argued that there was no basis for relief under § 2255 because Movant had not argued that his current supervised release term was imposed in violation of the Constitution, that the Court was without jurisdiction, or that the term exceeded the maximum authorized by law. (*Id*.)  *See* 28 U.S.C. § 2255(a); *see Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). The Government also cited Movant's failure to comply with the Court's April 28, 2023 order and his abandonment of the action.  (*Id.* at PageID 189.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).  A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A prisoner's challenge satisfies this requirement because incarceration itself is a concrete injury.  However, once the sentence has expired, some concrete and continuing injury or collateral consequence, other than the now-ended incarceration or parole, must exist if the suit is to be maintained.  *Id*.; *see Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009).  Where a prisoner is challenging only the part of his sentence he has already completed, the presumption that the case or controversy requirement has been met does not apply, and he must point to some other continuing adverse consequence.  *See United States v. Perotti*, 702 F. App'x 322, 323-324 (6th Cir. 2017).  A § 2255 motion is moot where the court can no longer provide meaningful relief. *See United States v. Rutledge*, Case Nos. 3:10-cr-13, 3:13-cr-179, 3:15-cv-356, 2016 WL 3582123, at *6 (S.D. Ohio June 28, 2016).

In the instant case, Movant has now served the term of imprisonment about which he complains in his § 2255 Motion. The Court can no longer grant the relief Movant requested in the form of a sentence reduction. His claims and the pending motions are moot. Movant has failed to comply with the Court's Order and provide a change of address, which warrant dismissal for failure to prosecute under Fed. R. Civ. P. 41. For these reasons, the § 2255 Motion and the pending motions in this case are DENIED.

## APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). In this case, for the reasons previously stated, Movant's claims are moot, and he has failed to comply with the Court's order.

Movant cannot present a question of some substance about which reasonable jurists could differ. The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

IT IS SO ORDERED this 11th day of August, 2023.

                                             *s/   Samuel H. Mays, Jr.*
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE